**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Mall, | No. CV-23-02240-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Rob Binkley, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Mark Mall's Motion for Emergency Order for Original Writ of Prohibition of Ejectment Action.  (Doc. 3.)  The Court treats this as a motion for temporary restraining order without notice.  *See e.g.*, *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (the court liberally construes pro se filings.)  The Court has considered all arguments and relevant case law and will deny Plaintiff's motion.

## I.    BACKGROUND

It appears Plaintiff's request for emergency relief stems from an eviction action judgment filed on October 24, 2023.  (Doc 1-1 at 71–72.)  After an eviction judgment was entered by Maricopa County Superior Court Commissioner Mary Cronin, Plaintiff filed a Complaint in this Court alleging constitutional violations by several defendants he believes were involved in the eviction.  (Doc1. at 3–6.)  Among other things, Plaintiff alleges that Commissioner Cronin, a named defendant, violated his "rights under 1st and 4th [and] 7th amendments."  (*Id.* at 4.)  Plaintiff also alleges that the Judgment Order "fails the 4th Amendment as a lawful Duly Executed Warrant."  (*Id.* at 4.)  In his Complaint he, among

1   other things, requests that the Court "dismiss" the eviction action and "Grant Alternative
2   Writ for Remedies and Damages" for "$250,000+" against seven other defendants. (*Id.* at
3   6–7.) On the same day Plaintiff filed his complaint, he also filed his "Motion Emergency
4   Order for Original Writ of Prohibition of Ejectment Action." (Doc. 4.) The Court believes
5   this to be a request for a temporary restraining order ("TRO") to prevent Defendants from
6   taking possession of the property. For the reasons explained below, the Court will deny
7   Plaintiff's request.

8   **II.   LEGAL STANDARD**

9   Under Rule 65 of the Federal Rules of Civil Procedure, a party may seek injunctive
10   relief, or a TRO, if it believes it will suffer irreparable harm during the pendency of an
11   action. Fed. R. Civ. P. 65. The analysis for granting a TRO is "substantially identical" to
12   that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.,*
13   *Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Cochran v. Rollins*, No. CV07-1714-PHX-
14   MHMJRI, 2008 WL 3891578, at *1 (D. Ariz. Aug. 20, 2008). "A preliminary injunction
15   is 'an extraordinary and drastic remedy, one that should not be granted unless the movant,
16   by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068,
17   1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis
18   omitted))); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A
19   preliminary injunction is an extraordinary remedy never awarded as of right.").

20   A plaintiff seeking a preliminary injunction must show that (1) he is likely to
21   succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3)
22   the balance of equities tip in his favor, and (4) an injunction is in the public interest. *Winter*,
23   555 U.S. at 20. Further, where the adverse party or their attorney has not been notified of
24   the request, a court may only grant a TRO where "specific facts in an affidavit or a verified
25   complaint clearly show that immediate and irreparable injury, loss, or damage will result
26   to the movant before the adverse party can be heard in opposition" and the movant
27   "certifies in writing any efforts made to give notice and the reasons it should not be
28   required." Fed. R. Civ. P. 65(b)(1); *see also United States v. Real Prop. Located at 22*

*Santa Barbara Drive*, 264 F.3d 860, 870 (9th Cir. 2001) (noting that ex parte relief is "appropriate only in a narrow set of circumstances"). Here, Plaintiff has not notified Defendants of the request, making it an ex parte filing. Therefore, for the Court to grant this motion, Plaintiff must demonstrate that he meets the requirements for a TRO and that his ex parte request falls within these "narrow set of circumstances."

## III.  DISCUSSION

Because Plaintiff (1) does not show that he tried to give Defendants notice of the request or offer a good reason why not should not be required, (2) show likelihood of success on the merits or (3) show irreparable harm should the Court not grant the motion, the Court will deny Plaintiff's motion without addressing balance of equities or public policy.

First, Plaintiff did not give notice to Defendants that he was requesting this emergency relief. Because Plaintiff did not give notice, the Court should deny the motion unless Plaintiff (1) has given an affidavit or verified complaint that not granting the motion before opposition has time to respond would result in irreparable harm and (2) has certified in writing that he either tried to give notice or why it should not be required. Fed. R. Civ. P. 65(b)(1). Plaintiff has done neither of these things, only submitting his original unverified Complaint. But his Complaint neither explains how he would suffer irreparable injury if he had given Defendants notice and time to respond, nor offers evidence that he tried to notify defendants or explains why giving Defendants notice should not be required. (*See* Doc. 1.). Therefore, this factor alone precludes granting this TRO.

Second, even if Plaintiff had given Defendants notice, Plaintiff has not met his burden "by a clear showing" that he is likely to win on the merits of the underlying claim. *See Lopez*, 680 F.3d at 1072. The Court believes Plaintiff is alleging that various parties to an eviction violated Plaintiff's constitutional rights, however, it is unclear at this point which claims are being alleged against which individual defendants, or what factual allegations, even if true, warrant the type of relief requested. Plaintiff alleges sweeping constitutional violations but fails to connect the few facts he offers to these provisions.

(Doc. 1 at 2–6.)  From these allegations alone, the Court cannot say that Plaintiff has a likelihood of success on the merits.  Therefore, this factor also precludes granting a TRO. Finally, nothing before the Court indicates a likelihood of irreparable injury should the motion not be granted.  *See Loyer v. Luna*, No. 2:23-CV-2750-FWS-RAO, 2023 WL 3828779 (C.D. Cal. Apr. 14, 2023) (denying an "emergency filing" where Plaintiff did not present facts demonstrating likelihood of success on the merits or irreparable harm).

Therefore, because Plaintiff has failed to meet any of the considerations for this type of injunctive relief, the Court will deny the motion.

**IT IS ORDERED denying** Plaintiff Mark Hall's Motion for Emergency Order for Original Writ of Prohibition of Ejectment Action. (Doc. 3.)

Dated this 3rd day of November, 2023.

Honorable Susan M. Brnovich
United States District Judge

- 4 -