**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Mall, | No. CV-23-02240-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Mary Collins Cronin, et al., | |
| Defendants. | |

Before the Court is State of Arizona, the Maricopa County Superior Court, and Mary Collins Cronin's (collectively, the "State Defendants") Motion to Dismiss (Doc. 22) Plaintiff Mark Anthony Hall's Complaint (Doc. 1). Plaintiff, appearing pro se, filed a Motion for Writ of Mandamus (Doc. 34). State Defendants filed a Reply in support of their Motion to Dismiss and Response in Opposition to Plaintiff's Writ of Mandamus (Doc. 41). Plaintiff thereafter filed another response as a Writ of Prohibition and Objection to Defendants Motion to Dismiss (Doc. 42). After reviewing the Parties' briefs and the relevant law, the Court will grant State Defendants' Motion.

**I.    BACKGROUND**

This lawsuit stems from a state court eviction where Defendant Maricopa County Superior Court Commissioner Cronin ("Cronin") entered a judgment of eviction against Plaintiff. (Docs. 1 at 2; 1-1 at 71.) The dispute centers on real property formerly owned by Plaintiff who transferred it into "MALL LIVING TRUST." (Doc. 1-1 at 43, 45, 51.) Plaintiff claims to have conveyed the land to a "Federal Land Patent" in October 2022.

(Doc. 1 at 5.) A deed dated September 19, 2023, indicates Leonard J. McDonald, acting as the duly appointed Trustee under a Deed of Trust, sold the property to EZ Homes, Inc. (Docs. 1 at 4; 1-1 at 4–5.) EZ Homes then filed an eviction action against Plaintiff in state court. (Doc. 1-1 at 68–69.) On October 24, 2023, Cronin held a hearing where Plaintiff alleges she did not allow him to speak or present evidence and had security remove him from the court. (Doc. 1 at 3.) After the hearing, Cronin entered judgment allowing the eviction. (Doc. 1-1 at 71–72.)

Plaintiff filed a Complaint challenging the eviction on October 30, 2023. (Doc. 1.) He appears to allege the eviction violated his First, Fourth, and Seventh Amendment Rights under the U.S. Constitution. (*Id.* at 3.) Plaintiff demanded a "Writ of Supervisory Control Order" for: (1) a grant of writ of mandamus for the dismissal of Maricopa County Superior Court case CV 23-0115592; (2) a grant of a motion for emergency order for writ of prohibition of eviction/ejectment action in the superior court case; (3) a grant of a motion for writ of prohibition to cease and desist use of legal name Mark A. Mall in the superior court case; and (4) a grant of writ for remedies and damages "to be submitted at a later date" against named Defendants. (Doc. 1 at 6–7.) Plaintiff also sought more than $250,000 in damages. (*Id.* at 7.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and may only hear cases as authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court has subject matter jurisdiction over claims that "aris[e] under the Constitution, laws, or treaties of the United States" and over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331, 1332(a). It is a plaintiff's burden to prove jurisdiction exists. *Kokkonen*, 511 U.S. at 377. In reviewing the Complaint, all allegations are accepted as true and construed in the plaintiff's favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The court

then "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* If the Court determines at any point that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

### A. *Rooker-Feldman* Doctrine

State Defendants first argues the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine because Plaintiff seeks to stay a state court eviction judgment. (Doc. 22 at 4.) In his Response, Plaintiff appears to argue that Cronin lacked proper jurisdiction under the Article IV, section 14 of the Arizona Constitution and Article III, sections 1, 2, and 3 of the U.S. Constitution to enter the eviction judgment. (Doc. 42 at 5.)

This Court lacks jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Only the United States Supreme Court may review those decisions. *Id.* (citing 28 U.S.C. § 1257). The "*Rooker-Feldman* doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TSML, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Under 28 U.S.C. § 1257, Congress vested the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). Dismissal is appropriate where a federal plaintiff asserts the state court decision committed a legal wrong and erroneous decision and seek relief based on that judgment. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (noting a de fact appeal occurs where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision, such that the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." (citation omitted)). The doctrine does not bar a plaintiff from bringing a related but independent claim. *Cooper*, 704 F.3d at 779 (cautioning against a sweeping application of the doctrine). The Ninth Circuit has found claims are "inextricably

intertwined" where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Id.* (quoting *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).

Although it may appear Plaintiff is loosely arguing Arizona's eviction procedures are unconstitutional, his constitutional claims are in effect a "forbidden appeal from the judicial decision of the lower court." *See Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003). Plaintiff's constitutional challenges are inextricably intertwined with the state court ruling and go directly to the heart of the judgment in an attempt to prevent his eviction and return of the property. Plaintiff also seems to challenge the state court's jurisdiction to enter judgement and the purported misconduct in executing the eviction. Both of which task this Court to review whether the state court committed a legal wrong or rendered an erroneous decision and seeks relief based on that judgment. *See Reusser*, 525 F.3d at 859. Further, to the extent the Court construes Plaintiff's Motion for Writ of Mandamus—filed the same day the Court ordered a Response to State Defendants' Motion—as a Response, (Doc. 34), his newly asserted claims do not cure the legal deficiencies in this Complaint. The relief Plaintiff seeks is not for this Court to grant. For these reasons, the *Rooker-Feldman* doctrine bars Plaintiff's claims, thus depriving the Court of subject matter jurisdiction and warranting dismissal. *Kougasian*, 359 F.3d at 1139. Plaintiff may challenge the state court's ruling through the state court appeals process, not this lawsuit.

**B. Other Grounds for Dismissal**

Although further inquiry is unnecessary, State Defendants also argue the Eleventh Amendment of the U.S. Constitution bars Plaintiff's claims. (Doc. 22 at 6–7.) Without a state waiving sovereign immunity, the Court lacks subject matter jurisdiction over the claims against not only those Defendants, but also Cronin. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984) ("[A]s when the State itself is named as the defendant, a suit against state official that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief."). Cronin's alleged unlawful conduct occurred during hearings or in entering the eviction judgment, which are immune

judicial acts. Likewise, judges and "those performing judge-like functions are absolutely immune from damages for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (finding judicial immunity applies for malicious or corrupt acts in excess of a court's jurisdiction). "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The only remotely prospective relief Plaintiff seeks relates to use of his name, but as noted, an action against state official is barred absent waiver. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99–100. The remainder relate to the eviction itself are not for prospective relief. Therefore, immunity applies to State Defendants absent a waiver not given to here.

For the reasons given, the Court will grant State Defendants' Motion and dismiss the case with prejudice.

**IV.   CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** granting State Defendants' Motion to Dismiss (Doc. 22) dismissing Plaintiff's Complaint (Doc. 1) with prejudice.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Amend his Complaint (Doc. 54) and the remaining outstanding motions (Doc. 34; Doc. 45; Doc. 49).

**IT IS FURTHER ORDERED** directing the Clerk of the Court enter judgment accordingly and terminate this case.

Dated this 12th day of September, 2024.

_____
Honorable Susan M. Brnovich
United States District Judge